George J. PLATSIS, individually and on behalf of all others similarly situated, Plaintiff-Appellant,

v.

E.F. HUTTON & COMPANY, INC., Defendant-Appellee.

No. 86–1781.

United States Court of Appeals, Sixth Circuit.

Submitted Aug. 28, 1987.

Decided Sept. 25, 1987.

Rehearing and Rehearing En Banc Denied Nov. 3, 1987.

George J. Platsis, pro se.

William K. Holmes, Warner, Norcross & Judd, Grand Rapids, Mich., Lindsey Miller-Lerman Kutak, Rock & Huie, Omaha, Neb., for defendant-appellee.

Before JONES, WELLFORD and GUY, Circuit Judges.

PER CURIAM.

After investing substantial sums in a number of oil and gas tax shelters following consultations with an official and sales representative of defendant E.F. Hutton & Company, Inc. ("Hutton") in Lansing, Michigan, plaintiff, George Platsis, an attorney, has sued Hutton for damages because of losses eventually incurred. The relationship between the parties commenced in 1980 shortly before a sharp decline in oil and gas prices. All but one of Platsis'. investments were in publicly offered oil and gas limited partnerships based on prior issuance to him of a prospectus and other investment material before the decision to make an investment. All investments were made with an admitted prime purpose of tax savings. ·One final investment came about through direct communication between plaintiff and the program sponsor; Hutton did not act as sales agent.

Platsis suffered the loss of the major part of his investment. He claims that Hutton and its representative, Joseph Potvin, made oral misrepresentations about the nature and character of these investments and that he relied upon them to his detriment. He also claims violations of sections 11(a), 12(1) and 12(2) of the Securities Act of 1933, written misrepresentations, violations of section 10 and Rule 10b–5 of the Securities Exchange Act of 1934, and violations of the Michigan Securities Act. In addition, Platsis claims that Hutton and its agent were guilty of fraud and a violation of the Michigan Consumer Protection Act as well as a breach of fiduciary duty which it owed to him as a customer and investor. Finally, plaintiff claims a breach of contract and violations of the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. sections 1961–1968.

Judge Douglas Hillman considered the proof and evidence and rendered an extensive opinion finding for defendant Hutton and against each of plaintiff's contentions. See *Platsis v. E.F. Hutton & Co., Inc.*, 642 F.Supp. 1277 (W.D.Mich.1986). The district court opinion addresses each of plaintiff's claims and makes findings as to each from which he concluded that plaintiff has failed to carry his burden of proof. He cited in support of his legal conclusions a number of authorities, including a then district court decision, *Kennedy v. Josephthal & Co., Inc.*, 635 F.Supp. 399 (D.Mass.1985). That decision has since been affirmed by the First Circuit Court of Appeals at 814 F.2d 798 (1st Cir.1987).

For the reasons carefully set out by Judge Hillman and based upon the additional authority of *Josephthal*, heretofore referred to, we AFFIRM the judgment for the defendant, Hutton, in all respects.